

RECEIVED
IN LAKE CHARLES, LA

APR 13 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 05-1248 |
|---|---|---|
| VS. | : | JUDGE TRIMBLE |
| TODD BROTHERS, ET AL | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment" (doc. #13) filed by the plaintiff, the United States of America, wherein the mover seeks to have this Court enter summary judgment in its favor and against the deceased defendant, Maffle Billedeaux Todd, pursuant to Rule 56 of the Federal Rules of Civil Procedure. On October 12, 2005, Farrell Douglas Ortego was appointed Curator Ad Hoc to represent Decedent. No response to the motion for summary judgment has been filed. For the following reasons, the motion will be granted.

## FACTUAL STATEMENT

Todd Brothers, Webster James Todd, Jr., Martha Bouquet Todd, Ben Joseph Todd and Maffle Billedeaux Todd executed and delivered to Farmers Home Administration ("FmHA") the following notes:

|  | Date | Face Amount | Interest Rate |
|---|---|---|---|
| 1-A | 09-12-83 | $200,000.00 | 10.75% |
| 1-B | 04-02-86 | $207,807.77 | 5.00% |
| 1-C | 02-10-87 | $216,746.35 | 5.00% |
| 1-D | 05-13-86 | $ 69,010.00 | 5.00% |
| 1-E | 02-10-87 | $ 71,590.87 | 4.50% |

In order to secure payment of the Notes, the Defendants executed in authentic form, the following

Mortgages:

|     | Date     | Registry No. | Mortgage Book/Page |
|-----|----------|--------------|--------------------|
| 2-A | 09-12-83 | 1769927      | 1184/336           |
| 2-B | 05-13-86 | 1894132      | 1306/611           |

No payment has been made on the Notes since March 17, 2005, nor have Defendants conveyed the immovable property to FmHA. Accordingly, Defendants[1] are in default of the Notes. Plaintiff is seeking judgment *in rem* only and for recognition and maintenance of the Mortgages.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[2] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[3] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[4] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[5] There is no genuine issue of material fact if, viewing the evidence in the light most

---

[1] The motion for summary judgment specifically seeks relief against decedent, Maffle Billedeaux Todd. On January 12, 2006, this Court entered a default against Todd Brothers, Webster James Todd, Jr., Martha Bouquet Todd, Ben Joseph Todd, Betty Ann Todd and Katherine Todd Alito. The Succession of Maffle Billedeaux Todd, through its curator, Mr. Ortego, filed an Answer on March 6, 2006.

[2] Fed. R.Civ. P. 56(c).

[3] *Vera v. Tue*, 73 F.3d 604, 607 (5th Cir. 1996).

[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

2

favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[6] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[7]

## LAW AND ANALYSIS

Plaintiff has submitted copies of the above mentioned Promissory Notes and Mortgages[8] as well as the affidavit of Willie F. Cooper attesting to the balance of the principal and interest owed by the Defendants and the fact that said Defendants are in default. Mr. Cooper also attests to the fact that because the Defendants failed to pay the principal and interest when due, Plaintiff accelerated maturity of all principal and interest owing under the Notes in accordance with the terms thereof on March 24, 2004, but Defendants have failed and refused to pay notwithstanding demand, thereby placing them in default of the Notes and Mortgages.

No opposition has been filed in this matter. Because there is no genuine issue for trial, Plaintiff is entitled to summary judgment against the Succession of Maffle Billedeaux Todd as well as recognition and maintenance of the Mortgages.

## CONCLUSION

Based on the foregoing, the motion for summary judgment will be granted.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 13th day of April, 2006.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[6] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[7] *Anderson*, 477 U.S. at 249-50.

[8] Attached to the original Complaint.